## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH E. THOMAS, individually and on behalf of all others similarly situated, | : <br> : <br> : <br> : |
| Plaintiff, | :    Case No. 2:25-cv-00225 <br> : |
| v. | : <br> : |
| BILL WISE'S EXCAVATING, INC., a Delaware Corporation | : <br> : <br> : |
| Defendant. | : <br> : <br> : |

## COLLECTIVE AND CLASS ACTION
## COMPLAINT AND JURY DEMAND

Plaintiff, Joseph E. Thomas ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, hereby brings this collective and class action Complaint against Bill Wise's Excavating, Inc. to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq.* and all available relief under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.*, and common law. Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters.

## JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

2.     Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3.     Defendant's annual sales exceed $500,000.00 and they have more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue lies in this District pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this District.

## PARTIES

6.     Plaintiff, Joseph E. Thomas, is an adult resident of Pennsylvania, and was employed by Defendant from February 7, 2019, through March 12, 2024.  Plaintiff's consent to join form is attached as ***Exhibit A***.

7.     Additional putative Collective members were or are employed by Defendant as hourly employees during the past three years and their consent forms will also be filed in this case.

8.     Defendant Bill Wise's Excavating, Inc. is a Delaware corporation with a principal place of business at 899 Jollytown Rd, New Freeport, Pennsylvania 15352-1516.

9.     Defendant is engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.; 29 C.F.R. § 791.237.

## GENERAL ALLEGATIONS

10.    Plaintiff worked for Defendant as a non-exempt, hourly employee.

11.    Plaintiff worked at Defendant's location in New Freeport, Pennsylvania.

12.    Defendant employs labor workers who are paid an hourly wage, are classified by Defendant as eligible for overtime pay, and often work over 40 hours per week ("Hourly Laborers").

13.    Plaintiff's most recent base hourly rate of pay was $19.25.

14.    Defendant's standardized timekeeping system does not credit Plaintiff and other Hourly Laborers for certain mandatory tasks that occur on Defendant's premises and fall within the duties and responsibilities of the Hourly Laborer positions. Specifically: (i) Before clocking in, employees must attend a meeting with their supervisor and then drive to the first job site. However, they are only permitted to clock in upon arriving at the job site, meaning they are not paid for the in-shop meeting or the drive to the site. (ii) After clocking out when leaving the job site, employees must return to the shop to collect their personal vehicles without compensation.

15.    Plaintiff and other Hourly Laborers do not receive any payroll credit for time associated with the off-the-clock tasks described above. These unpaid tasks average approximately one to two hours (30-60 pre-shift minutes plus 30-60 post-shift minutes) per day and average approximately 300-600 unpaid minutes per week.

A.    **Pre-Shift Off-the-Clock Work**

16.    Pursuant to Defendant's policies and procedures, and before clocking in, Plaintiff and Hourly Laborers must attend a meeting with their supervisor and then drive to the first job site. However, they are only permitted to clock in upon arriving at the job site, meaning they are not paid for the in-shop meeting or the drive to the site. The pre-shift meeting and commute to the

job site took approximately 30 to 60 minutes, depending on the length of the meeting, and the distance from the job site.

17.     Consequently, Plaintiff and Hourly Laborers had to attend a meeting at the corporate office, then drive to the job site *before* clocking in.

18.      The above described policies resulted in Plaintiff and Hourly Laborers not being paid for the above described mandatory pre-shift work activities.

19.     Because Plaintiff and Hourly Laborers regularly worked 40 or more hours per week, these policies also deprived them of overtime pay.

**B.     Post-Shift Off-the-Clock Work**

20.     At the end of each shift and after clocking out at the job site, employees returned to the shop to collect their personal vehicles without compensation.

21.     These policies resulted in Plaintiff and Hourly Laborers not being paid for their mandatory post-shift activities.

22.     Because Plaintiff and Hourly Laborers regularly worked 40 or more hours per week, these policies also deprived them of overtime pay.

**C.     Defendant Breached Agreements with its Hourly Laborers to Pay Them for All Hours Worked**

23.     Prior to hiring, Defendant provided prospective Hourly Laborers with a written offer setting forth the start date, title/reporting/hours (job requirements), offered rate of pay, benefits, and conditions of employment.

24.     Defendant maintained documents demonstrating the promised hourly wage for each hour worked by its Hourly Laborers, including, but not limited to: offer letters, paystubs, and/or other payroll records.

25.     Plaintiff received such an offer from Defendant to work as an Hourly Laborer. More

specifically, on February 7, 2019, Defendant offered Plaintiff the opportunity to work at a base hourly rate of $19.25.

26.    Plaintiff accepted Defendant's offer of employment with the understanding that his base hourly rate would be paid for all hours worked. Plaintiff's acceptance created a binding and valid contract between Plaintiff and Defendant.

27.    Plaintiff performed and fulfilled his duties under his contract with Defendant by carrying out his job responsibilities, which included, but were not limited to, performing manual tasks such as operating machinery, handling materials, and engaging in the mandatory pre- and post-shift activities described herein.

28.    However, throughout Plaintiff's entire employment with Defendant, Defendant repeatedly and systematically breached its contract with Plaintiff by not paying Plaintiff his base hourly rate of pay for the mandatory pre- and post-shift activities described herein.

29.    Defendant's failure to pay Plaintiff for each hour of work he performed and that was required by Defendant was a material breach by Defendant.

30.    As a result of Defendant's breach, Plaintiff was deprived of wages owed to him under the contract, including unpaid "gap time" wages.[1]

31.    Upon information and belief, all of the other Hourly Laborers who worked for Defendant had similar contracts with Defendant.

32.    Upon information and belief, Defendant repeatedly and systematically breached its contracts with all the other Hourly Laborers it employed in the same way that it breached its contract with Plaintiff.

---

[1] "Gap time" refers to time that is not covered by the FLSA's overtime provisions because it does not exceed the 40-hour overtime threshold.

33.    Defendant's contractual promises to pay Plaintiff's and each Hourly Laborers' applicable hourly rate for each hour worked is evidenced by, among other things, each earnings statement issued to Plaintiff and the Hourly Laborers.

34.    Plaintiff and the Hourly Laborers are owed wages at their applicable base hourly rates for the time they worked off-the-clock during their employment with Defendant, including unpaid "gap time" wages.

35.    Plaintiff and the Hourly Laborers earned these wages the moment they performed the off-the-clock work, and the wages were due to be paid to Plaintiff and the Hourly Laborers no later than the pay day for the period in which the off-the-clock work was performed.

36.    Despite the fact that Plaintiff and the Hourly Laborers performed the off-the-clock work before and after their scheduled work shifts, these off-the-clock hours were not peripheral tasks for which they were not owed additional compensation. Instead, the off-the-clock work, which was performed by Plaintiff and the Hourly Laborers pursuant to Defendant's express instructions, constituted principal work activities that were integral and indispensable to their work and required to be performed at the worksite, and Defendant was contractually obligated to pay the Hourly Laborers for this time at the applicable regular hourly rates at which they were employed.

37.    The fact that Defendant deliberately chose not to pay Plaintiff and the Hourly Laborers for this work, and the fact that the off-the-clock work was performed before and after the Hourly Laborers' scheduled work shifts, does not relieve Defendant of its contractual obligations to pay them for this time.

38.    Defendant was contractually obligated to pay Plaintiff and the Hourly Laborers their applicable rates of pay for *all hours worked*, including hours worked before after their

scheduled work shifts, plus applicable overtime.

**D.**     **Defendant Benefitted from Plaintiff and the Hourly Laborers' Mandatory Pre- and Post-Shift Work Activities**

39.    At all relevant times, Defendant directly benefited from the mandatory pre- and post-shift work activities performed by Plaintiff and the Hourly Laborers.

40.    At all relevant times, Defendant controlled the work schedules, duties, protocols, applications, assignments, and employment conditions of Plaintiff and the Hourly Laborers.

41.    At all relevant times, Defendant was able to track the amount of time Plaintiff and the Hourly Laborers spent in connection with the mandatory pre- and post-shift work activities described herein. However, Defendant failed to do so and chose not to pay Plaintiff and the Hourly Laborers for their pre- and post-shift work.

42.    At all relevant times, Plaintiff and the Hourly Laborers were non-exempt employees, subject to the requirements of the FLSA and applicable state laws.

43.    At all relevant times, Defendant's attendance and timekeeping policies required Plaintiff and other Hourly Laborers to be ready for their shifts the moment the shift began.  In order to do that, Plaintiff and the Hourly Laborers had to perform the off-the-clock work.

44.    At all relevant times, Defendant's policies and practices deprived Plaintiff and the Hourly Laborers of wages owed for the mandatory pre- and post-shift work activities they performed. Because Plaintiff and the Hourly Laborers regularly worked 40 hours or more per week, Defendant's policies and practices also deprived them of overtime pay.

45.    Defendant knew or should have known that the mandatory pre- and post-shift work activities performed by Plaintiff and the Hourly Laborers were compensable under the law.

46.    Despite knowing Plaintiff and the Hourly Laborers performed work before and after their scheduled work shifts, Defendant failed to make any effort to stop or disallow the off-the-

clock work but instead suffered, permitted, and required it to happen.

47.     Unpaid wages related to the mandatory pre- and post-shift work activities described herein are owed to Plaintiff and the Hourly Laborers at the FLSA-mandated overtime premium of 1.5 times the regular hourly rates at which they were employed because Plaintiff and the Hourly Laborers regularly worked 40 hours or more per week.

<strong><u>FLSA COLLECTIVE ACTION ALLEGATIONS</u></strong>

48.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> ***All current and former hourly employees who worked for Defendant at any of its locations at any time during the three years preceding the filing of this Complaint.***

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

49.     Defendant is liable under the FLSA for, *inter alia*, failing to properly pay Plaintiff and the FLSA Collective members.

50.     Excluded from the proposed FLSA Collective are Defendant's executives, administrative, and learned professional employees, including computer professionals and outside salespersons.

51.     Consistent with Defendant's policy and pattern or practice, Plaintiff and the FLSA Collective members were not paid premium overtime compensation when they worked over 40 hours in a workweek.

52.     Defendant assigned and/or was aware of all the work that Plaintiff and the FLSA Collective members performed.

53.     As part of its regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to

Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a.    Willfully failing to pay Plaintiff and the FLSA Collective members premium overtime wages for all hours worked in excess of 40 hours per workweek; and

    b.    Willfully failing to record all of the time that Plaintiff and the FLSA Collective members worked for the benefit of Defendant.

54.    Defendant is aware or should have been aware that federal law required it to pay overtime premiums to Plaintiff and the FLSA Collective for all hours worked in excess of 40 per workweek.

55.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

56.    A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

57.    The employment relationships between Defendant and every proposed FLSA Collective member are the same. The key issue – the amount of unpaid pre- and post-shift time – does not vary substantially among the proposed FLSA Collective members.

58.    Many similarly situated current and former employees have been underpaid in violation of the FLSA and would benefit from the issuance of a Court-authorized notice of this lawsuit and the opportunity to join it.

59.    Court-authorized notice of this lawsuit should be sent to the FLSA Collective members pursuant to 29 U.S.C. § 216(b).

60.    Those similarly situated employees are known to Defendant, are readily

identifiable, and can be located through Defendant's records.

61.     Plaintiff estimates that the proposed FLSA Collective, including both current and former employees over the relevant period, will include hundreds of workers. The precise number of FLSA Collective members should be readily ascertainable from a review of Defendant's personnel and payroll records.

62.     The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly authorizes such a notice, the FLSA Collective members, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## RULE 23 PENNSYLVANIA CLASS ACTION ALLEGATIONS

63.     Plaintiff also brings this lawsuit as a class action on behalf of himself and all other individuals who, during the applicable statutory period, were employed by Defendant as hourly employees in Pennsylvania (the "Rule 23 Pennsylvania Class").

64.     The members of the Rule 23 Pennsylvania Class are so numerous that joinder of all Rule 23 Pennsylvania Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds of Rule 23 Pennsylvania Class members. Rule 23 Pennsylvania Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

65.     There is a well-defined community of interests among Rule 23 Pennsylvania Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Pennsylvania Class. These common legal and factual questions, include, but are not limited to, the following:

a.     Whether the pre-shift time Rule 23 Pennsylvania Class members spent on meetings and driving to jobsites each shift is compensable;

b.     Whether the post-shift time Rule 23 Pennsylvania Class members spent driving back to the shop is compensable;

c.     Whether the Rule 23 Pennsylvania Class members are owed wages for time spent performing pre- and post-shift work activities, and if so, the appropriate amount thereof; and

d.     Whether Defendant should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating the state laws, constitutions, and laws applicable to the members of the Rule 23 Pennsylvania Class.

66.    Plaintiff's claims are typical of those of the Rule 23 Pennsylvania Class in that he and all other Rule 23 Pennsylvania Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Pennsylvania Class members' claims and his legal theories are based on the same legal theories as all other Rule 23 Pennsylvania Class members.

67.    Plaintiff will fully and adequately protect the interests of the Rule 23 Pennsylvania Class and Plaintiff retained counsel who are qualified and experienced in the prosecution of wage-and-hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Pennsylvania Class.

68.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, inter alia, it is economically infeasible for Rule 23 Pennsylvania Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

69.    This case will be manageable as a Rule 23 Pennsylvania Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant has advanced networked

computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

70.    Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

71.    Because Defendant has acted and refused to act on grounds that apply generally to the Rule 23 Pennsylvania Class and declaratory relief is appropriate in this case with respect to the Rule 23 Pennsylvania Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## RULE 23 COMPANY-WIDE CLASS ACTION ALLEGATIONS

72.    Plaintiff also brings this lawsuit as a class action on behalf of himself and all other individuals who, during the applicable statutory period, were employed by Defendant as hourly employees in any state (the "Rule 23 Company Class").

73.    The members of the Rule 23 Company Class are so numerous that joinder of all Rule 23 Company Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds of Rule 23 Company Class members. Rule 23 Company Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

74.    There is a well-defined community of interests among Rule 23 Company Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Company Class. These common legal and factual questions, include, but are not limited to, the following:

a.  Whether the pre-shift time Rule 23 Company Class members spent on meetings and driving to jobsites each shift is compensable;

b.  Whether the post-shift time Rule 23 Company Class members spent driving back to the shop is compensable;

c.  Whether Defendant's non-payment of wages for all compensable time amounted to a breach of contract; and

d.  Whether Defendant's non-payment of wages for all compensable time resulted in an unjust enrichment to Defendant.

75.    Plaintiff's claims are typical of those of the Rule 23 Company Class in that he and all other Rule 23 Company Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Company Class members' claims and his legal theories are based on the same legal theories as all other Rule 23 Company Class members.

76.    Plaintiff will fully and adequately protect the interests of the Rule 23 Company Class and Plaintiff retained counsel who are qualified and experienced in the prosecution of wage-and-hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Company Class.

77.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, inter alia, it is economically infeasible for Rule 23 Company Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

78.    This case will be manageable as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant has advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with

relative ease.

79.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

80.     Because Defendant has acted and refused to act on grounds that apply generally to the Rule 23 Company Class and declaratory relief is appropriate in this case with respect to the Rule 23 Company Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT,
## 29 U.S.C. § 201 *et seq.* – FAILURE TO PAY OVERTIME

81.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

82.     At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

83.     At all times relevant to this action, Plaintiff and the FLSA Collective members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

84.     At all relevant times, Defendant employed Plaintiff and all other FLSA Collective members within the meaning of the FLSA.

85.     Plaintiff and the FLSA Collective members, by virtue of their job duties and activities actually performed, were all non-exempt employees.

86.     Plaintiff and the FLSA Collective either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in

commerce or in the production of goods for commerce.

87.    At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g).

88.    At all times relevant to this action, Defendant required Plaintiff and the FLSA Collective members to perform mandatory pre- and post-shift work activities, as described herein, but failed to pay these employees the federally mandated overtime compensation for the pre- and post-shift work.

89.    The mandatory pre- and post-shift work activities performed every shift by Plaintiff and the FLSA Collective were an essential part of their jobs, and these activities and the time associated with these activities were not *de minimis*.

90.    In workweeks where Plaintiff and other FLSA Collective members worked over 40 hours, the unpaid pre- and post-shift time, and all other overtime, should have been paid at the federally mandated rate of 1.5 times each employee's regular rate of pay, including shift differential pay, nondiscretionary incentive pay, and all other non-excludable remuneration. *See* 29 U.S.C. §§ 207(a) & (e).

91.    Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have determined how long it took Plaintiff and the FLSA Collective members to perform their mandatory pre- and post-shift work. Further, Defendant could have easily accounted for and paid Plaintiff and the FLSA Collective members for these off-the-clock work activities, but did not.

92.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), an additional amount for liquidated (double) damages, and attorneys' fees and costs.

<u>**COUNT II**</u>
<u>**RULE 23 PENNSYLVANIA CLASS ACTION**</u>
<u>**VIOLATIONS OF THE PENNSLYVANIA MINIMUM WAGE ACT, 43 P.S. §§ 333.101,**</u>
<u>*et seq.*, **AND PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 P.S. §§**</u>
<u>**333.101, *et seq.***</u>
<u>**("PENNSYLVANIA WAGE ACTS")**</u>

93.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

94.     At all times relevant to the action, Defendant was an employer covered by the overtime and wage mandates of the Pennsylvania Wage Acts, and Plaintiff and the Rule 23 Pennsylvania Class were employees entitled to the Pennsylvania Wage Acts' protections. *See* 43 P.S. § 333.103(g).

95.     The Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.* requires employers to pay their employees minimum wages, *see* 43 P.S. § 333.104(a)-(a.1), and 1.5 times their regular rate of pay of hours worked in excess of 40 per week, *see* 43 P.S. § 333.104(c).

96.     43 P.S. § 333.113 provides that an employee who is not paid in accordance with the Pennsylvania Minimum Wage Act may bring a civil action to recover all unpaid amounts, plus costs and reasonable attorneys' fees. *See* 43 P.S. § 333.113.

97.     The Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* requires that "[e]very employer shall pay all wages, other than fringe benefits and wage supplements, due to his employes on regular paydays designated in advance by the employer." 43 P.S. § 260.3(a).

98.     Under 43 P.S. § 260.9a, an employee aggrieved by an employer's violation of the Pennsylvania Wage Payment and Collection Law may bring a civil action to recover all unpaid amounts, plus liquidated damages, costs and reasonable attorneys' fees. *See* 43 P.S. § 260.9a(b), (f); *see also* 43 P.S. § 260.10.

99.     The Pennsylvania Wage Acts entitle employees to compensation for every hour worked in a workweek. *See* 43 P.S. § 333.103.

100.     Defendant violated the Pennsylvania Wage Acts by regularly and repeatedly failing to compensate Plaintiff and the Rule 23 Pennsylvania Class for the time spent on the work activities described in this Complaint.

101.     Defendant's uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

102.     As a result, Plaintiff and the Rule 23 Pennsylvania Class have suffered damages. Accordingly, Plaintiff and the Rule 23 Pennsylvania Class are entitled to recover unpaid wages owed, plus costs and attorneys' fees, and other appropriate relief under the Pennsylvania Wage Acts at an amount to be proven at trial.

### COUNT III
### RULE 23 CLASS ACTION (COMPANY WIDE)
### BREACH OF CONTRACT

103.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

104.     At all times relevant to this action, Defendant had a binding and valid contract with Plaintiff and every other Rule 23 Company Class member to pay each employee for each hour they worked at a pre-established (contractual) regular hourly rate in consideration of the work duties Plaintiff and the Rule 23 Company Class members performed on Defendant's behalf.

105.     For example, Defendant offered to compensate Plaintiff at a minimum of $19.25 per hour plus applicable overtime premiums if he agreed to perform services for Defendant as a Labor Worker. Plaintiff accepted Defendant's offer and performed under the contract by fulfilling his duties as a Labor Worker.

106.    Evidence of these contracts include Defendant's letters offering employment, pay statements, Defendant's employee handbook and other documentary evidence in Defendant's possession.  Additionally, Defendant made verbal offers for payment at a specified rate for work, which Plaintiff accepted and performed, including the unpaid pre- and post-shift work activities described herein, but Defendant failed to perform by paying Plaintiff and the Rule 23 Company Class the promised wages for all work.

107.    Upon information and belief, each Rule 23 Company Class member, including Plaintiff, was contractually entitled to a specific minimum hourly rate within the applicable period.

108.    Plaintiff and every other Rule 23 Company Class member accepted the terms of Defendant's contractual promises contained in Defendant's offers, and performed under the contracts by doing their jobs and carrying out the work they performed each shift, which included the unpaid off-the-clock work that was required of them in connection with pre- and post-shift work described herein.

109.    Defendant breached its contractual promises by failing to pay Hourly Laborers at their fixed, agreed upon hourly rate for *all* of the hours worked and for failing to pay Hourly Laborers at their agreed upon overtime rate.

110.    By not paying Plaintiff and every other Rule 23 Company Class member the agreed upon hourly wage for the work they performed each shift in connection with the off-the-clock work described herein, Defendant systematically breached its contracts with Plaintiff and each member of the Rule 23 Company Class.

111.    Defendant can easily ascertain the amount of damages owed to Plaintiff and the Rule 23 Company Class members based on the allegations made in this Complaint (specifically the amount of off-the-clock work claimed each shift) in conjunction with Defendant's payroll

records, which will provide the number of shifts worked by each Rule 23 Company Class member.

112.    Plaintiff and the Rule 23 Company Class members' remedies under the FLSA are inadequate in this case to the extent Defendant paid them *more* than the applicable minimum wage, and where they worked *less* than 40 hours per week (*i.e.*, pure "gap time" claims for non-overtime hours/workweeks).

113.    Defendant also breached its duty of good faith and fair dealing by failing to keep track of the time Plaintiff and other Rule 23 Company Class members spent performing off-the-clock activities, which is a fundamental part of an "employer's job."

114.    As a direct and proximate result of Defendant's contractual breaches, Plaintiff and the Rule 23 Company Class members were damages in an amount to be determined at trial.

**COUNT IV**
**RULE 23 CLASS ACTION (COMPANY WIDE)**
**UNJUST ENRINCHMENT**

115.    Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

116.    This Court is pled in the alternative to Count III, *supra*, pursuant to Fed. R. Civ. P. 8(d)(2)-(3).

117.    At all times relevant to this action, Defendant promised Plaintiff and every other Rule 23 Company Class member a pre-established hourly rate in consideration for the work duties Plaintiff the Rule 23 Company Class members performed for the benefit of Defendant.

118.    Plaintiff and every other Rule 23 Company Class member relied upon Defendant's promise for the pre-established hourly rate and performed by doing their jobs and carrying out their required work duties.

119.    The Defendant benefited from the mandatory pre- and post-shift activities because

having employees attend a meeting with supervisors and drive to/from the worksite while off-the-clock allowed Defendant to maximize worksite efficiency.

120.    Despite this, Defendant did not pay Plaintiff and the Rule 23 Company Class members for these services.

121.    By not paying Plaintiff and every other Rule 23 Company Class member the agreed upon hourly wage for the mandatory pre- and post-shift work they performed in connection with each shift, Defendant was unjustly enriched.

122.    Plaintiff and the Rule 23 Company Class members performed mandatory pre- and post-shift work activities at the request of, without objection by, and for the benefit of Defendant.

123.    Defendant received and accepted the pre- and post-shift work from Plaintiff and every other Rule 23 Company Class member and enjoyed the benefits derived therefrom, including increased efficiency, without having paid for the same.

124.    Upon information and belief, Defendant used the monies owed but not paid to Plaintiff and every Rule 23 Company Class member to finance its various business ventures or pay its equity owners.

125.    Defendant has been unjustly enriched by the retention of monies received pursuant to the services Plaintiff and the Rule 23 Company Class members performed for Defendant's benefit without having paid Plaintiff and the Rule 23 Company Class members for the same.

126.    Plaintiff and the Rule 23 Company Class members suffered detriment due to Defendant's failure to pay them for the mandatory pre- and post-shift work activities described herein, in that Plaintiff and the Rule 23 Company Class members were deprived of the ability to utilize that time, effort, and their resources in a profitable manner.

127.    As a direct and proximate result of Defendant's actions, Plaintiff and every other

Rule 23 Company Class member suffered damages, including but not limited to, loss of wages.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests

the following relief:

a.  An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b.  An order directing Defendant to provide Plaintiff a list of all current and former hourly employees who worked for Defendant at any time in the past three years. This list shall include the last known addresses, emails, and telephone numbers of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to join and seek to recover their unpaid wages;

c.  An Order designating Plaintiff as representative of the FLSA Collective, and the undersigned as counsel for the same;

d.  An Order certifying this action (for the Rule 23 Pennsylvania Class) pursuant to Rule 23(b)(3) with respect to Plaintiff's state law claims under the Pennsylvania Wage Acts (Count II);

e.  An Order certifying this action as a class action (for the Rule 23 Company Class) pursuant to Rule 23(b)(3) with respect to Plaintiff's breach of contract and unjust enrichment claims (Counts III and IV);

f.  A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

g.  An Order declaring Defendant violated the FLSA;

h.  An. Order declaring Defendant's violations of the FLSA were willful;

i.  An Order declaring Defendant violated the Pennsylvania Wage Acts;

j.  An Order declaring Defendant breached its contracts with Plaintiff and the members of the Rule 23 Company Class (or, in the alternative, that Defendant was unjustly enriched) by failing to pay them for mandatory pre- and post-shift work activities described herein at a pre-established (contractual) hourly rate;

k.  An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff, the FLSA Collective, the Rule 23 Pennsylvania Class, and the

Rule 23 Company Class the full amount of damages and liquidated damages available by law;

l.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

m.    A monetary judgment awarding full back pay and an equal amount in liquidated damages;

n.    An award of pre- and post-judgment interest;

o.    An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

p.    Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand a trial by jury on all issues in this

Complaint that are so triable as a matter of right.

Date:    February 18, 2025            Respectfully submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch (PA 56887)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
gary@lcllp.com

Jesse L. Young (P72614)
**SOMMERS SCHWARTZ, P.C.**
141 E. Michigan Avenue, Suite 600
Kalamazoo, Michigan 49007
(269) 250-7500
jyoung@sommerspc.com

Kevin J. Stoops (P64371)
**SOMMERS SCHWARTZ, P.C.**
One Town Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
kstoops@sommerspc.com

Jonathan Melmed (CA SBN 290218)
Meghan Higday (332908) (CA SBN 334626)
**MELMED LAW GROUP, P.C.**
1801 Century Park East, Suite 850
Los Angeles, CA 90067
(310) 824-3828
jm@melmedlaw.com
mh@melmedlaw.com

*Attorneys for Plaintiff and the Proposed
Collective and Class*